TROUTMAN AMIN, LLP
Eric J. Troutman (State Bar # 229263)
Puja J. Amin (State Bar # 299547)
400 Spectrum Center Dr. Ste. 1550
Irvine, California 92618
Telephone: 949-350-3663
Facsimile: 949-203-8689
troutman@troutmanamin.com
puja@troutmanamin.com
*Attorneys for Reverse Mortgage
Educators, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN, individual, | Case No. 23-00848-RBM-KSC |
| Plaintiff, | **DEFENDANT REVERSE MORTGAGE EDUCATORS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE 12(b)(6)** |
| v. | |
| REVERSE MORTGAGE EDUCATORS, INC., a California Corporation. | Judge: Ruth Bermudez Montenegro |
| Defendant. | Date: 9:30 AM |
| | Time: August 21, 2023 |
| | Action filed: May 8, 2023 |
| | NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR**

**ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 21, 2023, at 9:30 a.m., or at such

other date and time set by and before Honorable Judge Ruth Bermudez

Montenegro, Defendant Reverse Mortgage Educators, Inc. ("RME") will and

hereby moves this Court for an order to dismiss Plaintiff Thane Charman's

1  ("Plaintiff") Complaint for the failure to state a claim for which relief may be

2  granted, pursuant to the Federal Rules of Civil Procedure 12(b)(6).

3         This Motion is based upon this Notice of Motion and Motion, the

4  accompanying memorandum of Points and Authorities, the pleadings, and the

5

6  records on file herein, and on any oral argument or evidence that may be presented

7  at the hearing on this Motion.

8

9  Dated: June 22, 2023                    TROUTMAN AMIN, LLP

10

11                                         By:/s/Eric J. Troutman
                                           Eric J. Troutman

12

13                                         *Attorneys for Reverse Mortgage
                                           Educators, Inc*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff sues Reverse Mortgage Educators ("RME) asserting it sent marketing texts in violation of the Telephone Consumer Protection Act ("TCPA"). Yet Plaintiff asserts no facts demonstrating either that the texts at issue were marketing in nature, or that the dialing system used to send the texts generated his telephone number randomly.   Instead, Plaintiff's entire claim against RME rests on conclusionary allegations that need not be accepted by the Court. As such, each of Plaintiff's claims fail and the Court should dismiss the complaint.

## II.    ALLEGED FACTS

Plaintiff alleges that Reserve Mortgage Educators sent "unauthorized text messages to his personal cell phone." Compl. at p. 8 ¶ 30. Plaintiff claims that these text messages violate the TCPA in three distinct ways.

As to Count I, Plaintiff asserts RME used an automated telephone dialing system ("ATDS") to send the texts but alleges only the "texting software [used by Reserve Mortgage Educators], by virtue of being inextricably linked to a computer operating system, has the capacity to generate random or sequential telephone numbers." *Id*. at p. 10, ¶ 42.

In Count II, Plaintiff alleges that Reverse Mortgage Educators violated the TCPA's DNC provision by sending multiple non-consensual texts he characterizes as "telemarketing" in nature. *Id*. at p. 13 ¶¶ 60-62; 47 C.F.R. § 64.1200(c)(2).

1    However, the contents of the text messages are not alleged and Plaintiff does not

2    allege facts describing their purpose.

3         As to Count III Plaintiff alleged  he requested an internal DNC policy from

4    RME, but RME either refused or failed to produce a copy. Comp. at pp. 10-11 ¶¶ 43-

5    44. Based on this failure, Plaintiff alleges that Reverse Mortgage Educators does not

6    have an internal DNC policy and failed to train its employees on the use of an internal

7    DNC policy. *Id*. at p. 11 ¶¶ 45, 47.

8         For the reasons set forth below, these allegations do not state any viable claim

9    under the TCPA.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

III.   **ARGUMENT**

**A. Legal Standard.**

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true…allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). In other words, the complaint must contain "more than 'an unadorned, the- defendant-unlawfully-harmed-me accusation'" to suffice. *Id*. (quoting *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

1   entitling the plaintiff to relief." *Moss v. U.S. Secret* Serv., 572 F.3d 962, 969 (9th Cir.

2   2009) (quotation marks omitted).

3      **B. Plaintiff Fails To Sufficiently Plead That Reverse Mortgage Educators
4   Used An ATDS.**

5      **1. Plaintiff Fails to Allege the Use of An Autodialer Under *Borden*.**

6

7       The Ninth Circuit under *Borden* held that, in order for telephone equipment to

8   be an ATDS, it "*must* generate and dial random or sequential telephone numbers

9   under the TCPA's plain text." *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231-32

10  (9th Cir. 2022) (emphasis added). Borden's holding is binding precedent and was

11  affirmed by the Ninth Circuit again in *Brickman v. United States*, 56 F.4th 688 (9th

12

13  Cir. 2022), and *Pascal v. Concentra, Inc*., No. 22-15033, 2023 WL 2929685 (9th Cir.

14  Apr. 13, 2023). *Brickman*, 56 F. 4th at 690 (holding that the defendant "did not violate

15  the TCPA because it did not use a TCPA-defined autodialer that randomly or

16  sequentially generated the telephone numbers in question"); *Pascal*, 2023 WL

17

18  2929685 at *1 ("Because [the computer program] did not store or produce randomly

19  or sequentially generated telephone numbers, [the defendant's] text message was not

20  sent to [the plaintiff] via use of an autodialer in violation of the TCPA.").

21

22      Here, Plaintiff has alleged no facts demonstrating the system RME used

23  randomly generated his telephone number. As such Plaintiff has not stated a claim.

24

25  *See Borden,* 53 F.4th 1231-32; *see also Brickman*, 56 F. 4th at 690; *Pascal*, 2023 WL

26  2929685 at *1.

27

28

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

While it is true that Plaintiff alleges the text system was "linked to a computer operating system" and, therefore, had the "capacity to generate random or sequential telephone numbers,[1]" courts routinely reject these sorts of arguments as not every computer-based dialer is an "ATDS*." E.g. Decapua v. Metro. Prop. & Cas. Ins. Co*., C.A. No. 18-590 WES, 2020 U.S. Dist. LEXIS 47695 (D. R.I. March 18, 2020) (mere fact that separate computer system could generate random numbers did not make dialing system an ATDS); *Mina v. Red Robin Int'l, Inc*., No. 20-CV-00612-RM-NYW, 2022 WL 2105897, at *4-5 (D. Colo. June 10, 2022), report and recommendation adopted, No. 20-CV-00612-RM-KLM, 2022 WL 17547830 (D. Colo. Aug. 19, 2022), and appeal dismissed, No. 22-1286, 2023 WL 2487324 (10th Cir. Jan. 19, 2023) (holding that only systems that generate random numbers qualify as an ATDS); *DeMesa v. Treasure Island, LLC*, No. 218CV02007JADNJK, 2022 WL 1813858, at *2-3 (D. Nev. June 1, 2022) (finding that an ATDS must generate random or sequential numbers); (finding that software was "not an ATDS simply because it stores randomly or sequentially generated list of numbers from [another system/program] on a daily basis"); *but see Panzarella v. Navient Sols., Inc*., 37 F.4th 867, 874 (3d Cir. 2022) (broadly interpreting "equipment" but holding only "use" of random or sequential number generation qualifies as ATDS).

Here, Plaintiff fails to allege that his number or any number for that matter was randomly or sequentially generated by RME. He also does not allege facts

---

[1] Compl. at p. 10 ¶ 42

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

demonstrating that the unidentified dialing platform—whatever it was—used to send the texts itself randomly-generates telephone numbers. Indeed, far from being random in nature Plaintiff admits that he received a personal text message from the defendant (i.e. "they then immediately texted Plaintiff stating they had just emailed Plaintiff"). Compl. at p. 10, ¶ 36. As such, the text message content alleged in the Complaint supports the opposite—that Plaintiff "received a customer specific text…though human agency". *Maier,* 2013 WL 3006415 at *3 (quoting *Gragg*, 2013 WL 195466 at *2). Therefore, the Court must dismiss. *Holt v. Facebook, Inc.,* 240 F. Supp. 3d 1021, 1027 (N.D. Cal. 2017) ("Where the content of the messages suggests that the defendant directly targeted a particular individual, that content weighs against an inference that the defendant used an ATDS."); *Meeks v. Buffalo Wild Wings, Inc.*, No. CV 18-2673 PA (ASx), 2018 WL 5093942, at *4 (C.D. Cal. Apr. 13, 2018) (The court dismissed the case because the allegations suggested that the text messages were targeted to plaintiff and the "non-conclusory allegations d[id] not render it plausible that an ATDS was used."); *Weisberg v. Stripe, Inc.*, No. 16-cv-00584-JST, 2016 WL 3971296, at *3 (N.D. Cal. July 25, 2016) (dismissing the case because the allegations "suggest[ed] direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS").

As such, under *Borden*, Plaintiff's claim under Count I fails, and this Court must dismiss the ATDS claims against Reverse Mortgage Educators.

## C. Count II Must Be Dismissed Because Plaintiff Fails To Sufficiently Allege Facts Plausibly Demonstrating The At-Issue Texts Were Telephone Solicitations.

The TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person...." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). In order to have a violation of 47 C.F.R. § 64.1200(c)(2), there must be calls or text messages that constitute "telephone solicitations."

"Conclusory labels such as 'advertisement' and 'promotion' without any factual detail"…"[fall] short of [a plaintiff's] pleading burden to provide sufficient factual matter to state a plausible claim." *Eggleston v. Reward Zone USA LLC*, No. 2:20-CV-01027-SVW-KS, 2022 WL 886094, at *7 (C.D. Cal. Jan. 28, 2022). And, importantly, not all texts fall under the TCPA even if they are ultimately for a commercial purpose. For example, when a call's contents show its purpose is to convey an offer to buy or an offer for employment, the call is not a telephone solicitation. *Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG BGS, 2013 WL 1629084 (S.D. Cal. Apr. 16, 2013) (offer to learn about the defendant's products to potentially sell those products to others is not a "telephone solicitation.")

Here, Plaintiff only alleges the contents of a single text message, and that text message's content is a personal notification to Plaintiff confirming that an email was sent per Plaintiff's request. Compl. at p. 10, ¶ 36. Plaintiff alleges *nothing* regarding

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

9

the content of any of the other texts he received. This is true although he certainly has sufficient information to do so—he intentionally seems to have alleged the date and time of the messages without demonstrating to the court the content of the messages. This is telling.

At bottom, Plaintiff has failed to allege any facts demonstrating the texts at issue were marketing in nature. As such, Plaintiff has failed to meet the plausibility standard of *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Thus, Count II must be dismissed by this Court because Plaintiff has failed to plausibly allege that the at issue text messages were telephone solicitations.

**D. Count III Must Also Be Dismissed Because Plaintiff Fails To Sufficiently Allege Facts Plausibly Demonstrating The At-Issue Texts Were Telephone Solicitations.**

"Telemarketing" is defined in a manner consistent with the definition of "telephone solicitation." 47 C.F.R. § 64.1200(f)(13) ("The term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."). In order to have a violation under 47 C.F.R. § 64.1200(d), there must be calls and texts that constitute "telemarketing." And just as with Court II, a plaintiff must plausibly allege that the at-issue calls or text messages

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

are "telemarketing" in order to state a viable TCPA claim under *Iqbal*. *Iqbal*, 556 U.S. at 678.

As previously discussed, Plaintiff has failed to meet the "plausibility" standard set forth in *Iqbal* because Plaintiff did not provide any facts regarding the text messages' content—aside from the single personal text message which notified Plaintiff an email was sent as Plaintiff requested. *Id*.; Compl. at p. 10, ¶ 36.

Thus, Court III must be dismissed because Plaintiff has failed to plausibly allege that the at issue text messages were "telemarketing."

## IV.    CONCLUSION

**WHEREFORE**, based on the forgoing, Reverse Mortgage Educators respectfully requests that this Honorable Court dismiss Plaintiff's Complaint under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim in which relief may be granted.

Dated: June 22, 2023                         TROUTMAN AMIN, LLP

                                             By: */s/Eric J. Troutman*__
                                             Eric J. Troutman

                                             *Attorneys for Defendant Reverse Mortgage Educators, Inc.*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550,  Irvine, CA 92618
troutman@troutmanamin.com

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure, the undersigned counsel for the defendant certifies that the foregoing document has been sent to all counsel of record and served through the Court's electronic filing system and/or email, on June 22, 2023.

*/s/ Eric J. Troutman*
Eric J. Troutman