TROUTMAN AMIN, LLP
Eric J. Troutman (State Bar # 229263)
Puja J. Amin (State Bar # 299547)
400 Spectrum Center Dr. Ste. 1550
Irvine, California 92618
Telephone: 949-350-3663
Facsimile: 949-203-8689
troutman@troutmanamin.com
puja@troutmanamin.com
*Attorneys for Reverse Mortgage Educators, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual, | Case No. 23-00848-RBM-KSC |
| Plaintiff, | **DEFENDANT REVERSE MORTGAGE EDUCATORS, INC.'S MOTION TO STAY DISCOVERY** |
| v. | |
| REVERSE MORTGAGE EDUCATORS, INC., a California Corporation. | Judge: Ruth Bermudez Montenegro |
| Defendant. | Date: August 21, 2023 |
| | Time: 9:30 AM |
| | Action filed: May 8, 2023 |
| | NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 21, 2023, at 9:30 a.m., or at such other date and time set by and before Honorable Judge Ruth Bermudez Montenegro, Defendant Reverse Mortgage Educators, Inc. ("RME") will and hereby does move for an order staying discovery pending the Court's ruling on

1

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

1  RME's Motion to Dismiss (the "Motion") pursuant to Federal Rule of Civil

2  Procedure 26(c).

3

4     This Motion is based upon this Notice of Motion and Motion, the

5  accompanying Memorandum of Points and Authorities, the pleadings, and the

6  Dated: June 22, 2023                 TROUTMAN AMIN, LLP

7

8                                        By:/s/Eric J. Troutman
                                         Eric J. Troutman
9

10                                       *Attorneys for Reverse Mortgage
                                         Educators, Inc*
11

12  records on file herein, and on any oral argument or evidence that may be presented

13

14  at the hearing on this Motion.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   <u>INTRODUCTION</u>

Plaintiff Thane Charman's ("Plaintiff") Complaint cannot survive the pleadings stage for several reasons. As to Count I, Plaintiff has failed to allege sufficiently allege that these calls were made using an automated telephone dialing system ("ATDS"). As to Counts II and III, Plaintiff has failed to sufficiently allege that the calls were marketing in nature.

Where, as here, a complaint is certainly destined to be dismissed, a Court has discretion—and should exercise that discretion—to stay discovery. There is simply no reason for RME and the Court to waste their resources litigating this case unless, and until, the Plaintiff can state facts worthy of redress in a viable suit.

In short, the Court should stay discovery in this proceeding because resolution of the Motion will dispose of all or at least some of the claims in this action. Good cause exits to stay discovery given that Plaintiff will suffer no harm or prejudice from a stay pending the outcoming of RME's motion and that RME would, on the other hand, face significant burdens in incurring potentially needless time, expense, and effort in discovery that may very well prove moot or unnecessary pending the Court's ruling. Plaintiff has no urgent need for discovery while RME's motion remains pending; this case is at a nascent stage where no answer has been filed, and no discovery has been taken or exchanged.

To protect the parties from the significant burden and expense of discovery

in a potentially moot action, RME respectfully requests the Court to stay all discovery in this action, including pretrial deadlines, pending the Court's disposition of RME's pending Motion.

II.   **ARGUMENT**

A.   **Legal Standard**

It is within the inherent power of this Court to manage the discovery process. *See e.g., Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."); *In re Nexus 6p Prods. Liab. Litig.*, No. 17-v-02185-BLF, 2017 U.S. Dist. LEXIS 132698, at *3 ("that discretion extends to staying discovery upon a showing of 'good cause' [under Federal Rule of Civil Procedure 26(c)(1)].") This power extends to controlling the timing and sequence of discovery. *See* Fed. R. Civ. P. 26(d)(1). The court further has broad discretion to stay discovery in a case while a dispositive motion is pending. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977); *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001). "[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Father M. v. Various Tort Claimants*, 661 F.3d 417, 424 (9th Cir. 2011) (internal citation omitted). Good cause for a stay of discovery has been found when further discovery will impose undue burden or expense without aiding the resolution of pending dispositive motions. *See e.g., Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

F.2d 404, 435–36 (5th Cir. 1990).

**B.      The Court Should Stay Discovery until Resolution of the Motion Because the Pending Motion May Potentially Dispose of the Entire Case.**

While the Ninth Circuit has not set out an exact standard, courts in this district have generally followed a two-pronged analysis in deciding a motion to stay discovery. *Al Otro Lado, Inc. v. Nielsen*, No. 3:17-cv-02366-BAS-KSC, 2018 WL 679483, at *2 (S.D. Cal. Jan. 31, 2018). A moving party meets the good cause requirement of Federal Rule of Civil Procedure 26(c) when the Court finds (1) the pending motion is potentially dispositive of the entire case, and (2) it can be decided absent additional discovery. *Id*. (*citing Adams v. AllianceOne, Inc*., 2008 WL 11336721 (S.D. Cal. Oct. 22, 2008)).

Here, the first prong is satisfied because RME has filed a dispositive motion that is potentially dispositive of the entire case. RME has filed a motion to dismiss the Complaint under Rule 12(b)(6) that may dispose of all claims against RME. Specifically, the Complaint does not sufficiently allege that an ATDS was used or that the calls were marketing in nature. The resolution of this motion, thus, may entirely dispose of Plaintiff's claims.

Additionally, since Plaintiff's Complaint is facially insufficient, discovery will not aid Plaintiff in his pursuit against RME. Thus, the second prong of the test used in this district is also satisfied. *Id*.

As such, resolution of this motion may entirely dispose of all three claims

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

against RME. As the Motion is well taken and potentially dispositive of all or most of the case, good cause exists to stay discovery.

### C. A Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery would Significantly Burden the Parties and the Court.

Good cause exists for granting the instant motion to stay discovery because the Motion is potentially dispositive of the entire case by Plaintiff and can be decided absent additional discovery. Further, granting the instant motion will not prejudice Plaintiff or disrupt the Court's schedule. Because the parties have not held a Rule 26(f) conference, no discovery has been served, and no scheduling order is in place.

Under these circumstances, this Court should not require RME to participate in discovery concerning the substance of Plaintiff's Complaint pending its decisions on the Motion. This is particularly true when the lawsuit includes a TCPA claim, and here, RME is facing three distinct claims under the TCPA. In TCPA cases, the plaintiff may demand burdensome and expensive discovery regarding every aspect of the defendant's business such as internal operations, policies, programing used to make calls to its customers and potential customers, etc. Because of this burden, the Court should stay discovery until it is determined which claims are properly before the Court.

Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when ruling on RME's

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

6

motion could render those efforts a nullity. To allow discovery in this case to go forward and then have all or part of RME's motion granted, would cause only a waste of the Court's and the parties' time and resources.

RME's request for a stay of discovery is reasonable and appropriate under the circumstances and granting this request will not cause any prejudice to Plaintiff. Quite the contrary, proceeding with discovery of issues that may be deemed completely irrelevant pending the Court's resolution of RME's motion.

## IV.    CONCLUSION

For the foregoing reasons, eHealth respectfully requests that the Court stay discovery until the Court rules on RME's Motion to Dismiss.

Dated: June 22, 2023            TROUTMAN AMIN, LLP

By: */s/Eric J. Troutman*
Eric J. Troutman
Puja Amin

*Attorneys for Defendant Reverse Mortgage Educators, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550, Irvine, CA 92618
troutman@troutmanamin.com

## **CERTIFICATE OF SERVICE**

       Pursuant to Federal Rules of Civil Procedure, the undersigned counsel for the defendant certifies that the foregoing document has been sent to all counsel of record and served through the Court's electronic filing system and/or email, on June 22, 2023.

*/s/ Eric J. Troutman*
Eric J. Troutman
